USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/2/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Peter K. Kijewski,

                Plaintiff,

    -against-

TIAA et al.

                Defendants.

1:25-cv-01779 (JAV) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

    Before the Court is Plaintiff's Letter Motion for alternative service on Defendant Marie Kijewski. (Letter Motion, ECF No. 40.) Plaintiff's motion is DENIED WITHOUT PREJUDICE.

    Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, service of process on an individual in the United States may be effected in accordance with the laws of the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1). Under New York law, service of process on a natural person may be accomplished by: (1) personal service; (2) delivery to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business"; (3) service on an agent; or (4) so-called "nail and mail" service, *i.e.*, affixing the summons to the door of the person's "actual place of business, dwelling place or usual place of abode" and mailing it to his or her last known residence or actual place of business. N.Y. C.P.L.R. ("CPLR") §§ 308(1)-(4). When traditional methods of service such as personal service or "nail and mail" service become

"impracticable," service may be made "in such manner as the court, upon motion without notice, directs." CPLR § 308(5).

"The meaning of 'impracticable' depends on the facts and circumstances of a particular case." *Charly Acquisitions, Ltd. v. 43 N. Broadway, LLC*, No. 23-CV-09851 (KMK) (AEK), 2024 WL 5244873, at *4 (S.D.N.Y. Dec. 30, 2024). "In general, plaintiff must make some showing that the other prescribed methods of service could not be made." *Id*. (citing *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021)). "In shaping an appropriate method for alternate service, the Court must ensure that the alternate method complies with constitutional due process by being reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citation omitted).

Plaintiff states that he retained a process server,[1] but service on Ms. Kijewski has been unsuccessful. (Letter Motion at 1.) This is insufficient to show that the other prescribed methods of service could not be made. Plaintiff's request for information about Ms. Kijewski from Maureen Dunn or Mitchell Cohen is improper and, in any event, as they also are defendants in this action, they could not represent Ms. Kijewski in this action and could not accept service on her behalf.

---

[1] Plaintiff nonetheless states that he is "prepared to pay for U.S. Marshals Service if approved." (Letter Motion at 1.) It is unclear what Plaintiff means by this statement. The United States Marshals Service is not a for-hire process server. In any event, Plaintiff still would need to provide accurate information to enable proper service. *See Edwards v. Dow Ctr.*, No. 23-CV-4850 (DG) (JRC), 2023 WL 7351103, at *1 (E.D.N.Y. Oct. 6, 2023). If Plaintiff has such information, he may just as easily provide it to the private process server he has retained.

For the foregoing reasons, Plaintiff's Letter Motion (ECF No. 40) is DENIED WITHOUT PREJUDICE.

**SO ORDERED.**

Dated:   New York, New York
         June 2, 2025

_____
STEWART D. AARON
United States Magistrate Judge